LAWRENCE J. HILTON (State Bar No. 156524)
lhilton@oneil-llp.com
KATHLEEN A. DONAHUE (State Bar No. 294226)
kdonahue@oneil-llp.com
O'NEIL LLP
19900 MacArthur Boulevard, Suite 1050
Irvine, California 92612
Telephone: (949) 798-0500
Facsimile: (949) 798-0511

Attorneys for Plaintiff
MEINEKE CAR CARE CENTERS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEINEKE CAR CARE CENTERS, LLC, a Delaware limited liability company,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KELLER & SONS, INC., a California corporation; MICHAEL W. KELLER, an individual; RYAN A. KELLER, an individual; CHRISTIAN A. VALLE, an individual; AND DOES 1 THROUGH 5, inclusive,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 8:15-cv-01305 AG (DFMx)<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |

The Parties having filed a Stipulation for Entry of Protective Order (the "Stipulation") concurrently with this [~~Proposed~~] Stipulated Protective Order, and good cause appearing therefor, a Protective Order is entered as follows:

IT IS HEREBY ORDERED:

1. The following Stipulated Protective Order (the "Order") shall govern all documents and discovery materials produced within the context of this litigation.

2. "Document" as used herein shall have the broadest possible meaning and shall include, without limitation:

   (a) a "writing," "original," and "duplicate" as defined in Federal Rule of Evidence 1001(1) and (2);

   (b) any and all tangible things on which any handwriting, typing, printing, drawing, representation, photostatic copy, magnetic or electrical impulse, or other form of communication is recorded or produced;

   (c) floppy disks, hard disks, flash drives, magnetic tape, computer memory, and any other form of electronically-stored medium and;

   (d) written discovery responses and the contents thereof, including, without limitation, responses to interrogatories, requests for admission and document requests;

   (e) deposition transcripts and their contents; and

   (f) any physical means or medium of recording or storing information.

3. As used herein, the term "counsel of record" shall mean the attorneys of record in this proceeding, their partners and associates, paralegals, clerks, assistants and other persons employed by such attorneys, all of whom shall be bound by the provisions of this Order.

4. As used herein, the term "person" shall mean, in the plural as well as in the singular, any individual, corporation, firm, association, partnership, business trust, governmental body or any other legal or business entity, unless specified herein to the contrary.

5. As used herein, the term "party" shall mean, in the plural as well as the singular, any named plaintiff, defendant, cross-complainant or cross-defendant in this action, and shall include its present directors, officers or employees.

6. In connection with discovery proceedings in this action, any party to this action (hereinafter the "designating party") shall have the right to designate any document, thing, material, testimony, or other information derived therefrom, as confidential under the terms of this Order. Confidential information is information that the designating party reasonably believes (1) to constitute proprietary information, confidential or sensitive business information, confidential financial information, and/or trade secrets relating to its business, and/or information in which the party or third parties have a privacy or other protectable interest, and (2) to be subject to protection from disclosure under applicable law.

7. Any party who objects to the designation of material as confidential shall notify the designating party in writing of that objection, specify the designated material to which the objection is made, and specify the objecting party's intended non-confidential use. The parties shall, within 30 days of service of the written objection, meet and confer concerning the objection. If the objection is not resolved at the meeting, the party urging a designation of confidentiality shall, within 30 days of the expiration of the meet-and-confer period, file a noticed motion, to be scheduled as soon as practicable, to resolve the dispute over the designation of the material and shall bear the burden of proof on the issue. If a party objects to more than one designation within a period of 30 days or less, the time for filing a noticed motion shall be extended so that the party urging a designation of confidentiality shall not be required to file more than one motion every 30 days. All documents designated confidential pursuant to this Order shall remain confidential until any such motion by the party urging a designation of confidentiality is denied and/or the Court declares that the designated material is not subject to the protection of this Order. If no such motion is filed within the stated time period, or if the party urging a designation of confidentiality requests that such motion be taken off calendar, the material will be deemed not subject to the protection of this Order for purposes of discovery.

8. As used herein, the term "Confidential Material" shall refer to:

(a) Any documents (including any portions thereof and any information contained therein) designated to be confidential by any party and/or which has had stamped or affixed thereon the word "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the designating party. If original documents are made available for review, it shall not be necessary to stamp the originals with a "CONFIDENTIAL" legend in order to make such originals subject to this Order. The party making the originals available need only inform the other party(ies), prior to the review or within 30 days thereafter, that the originals have been made subject to this Order.

(b) All deposition testimony, including oral testimony, deposition transcripts and the information contained therein, shall initially be treated as Confidential Material and be included within the terms of this Order without the necessity of designating the testimony as Confidential Material. Upon transcription of the deposition, counsel shall have 30 days after receipt of the transcript to notify the deposition reporter and other counsel of record in writing of the portions of the transcript designated as confidential. Depositing the written notice in the United States mail within such 30 days shall be deemed timely compliance with this requirement. All other portions, or the entire transcript if no designation is made, shall not be confidential and shall not be within the terms of this Order. Alternatively, and in addition to the above method, deposition testimony may be designated as Confidential Material during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" by the reporter as the designating party may direct.

(c) All documents produced in discovery in this action by any nonparty to this action shall initially be treated as Confidential Material and be included within the terms of this Order without the necessity of designating the testimony as

#143641 v1                                        4                              Case No. CV 14-04429-RZ
STIPULATED PROTECTIVE ORDER

Confidential Material.  Counsel shall have 30 days from receipt of copies of the documents produced by the nonparty to notify other counsel of record in writing of the identity of the documents designated as either Confidential Material.  Depositing the written notice in the United States mail within such 30 days shall be deemed timely compliance with this requirement.  All other documents produced by the nonparty shall not be confidential and shall not be within the terms of this Order.

(d)     "Confidential Material" does not include any information or documents lawfully obtained or produced by a party outside of the context of discovery in this litigation.  However, nothing in this Order shall affect the rights of any party to enforce any rights it may have regarding the confidentiality of documents and other information disclosed or transferred to another party or person prior to the institution of the present litigation.

9.     "Confidential Material" shall be disclosed only to:

(a)     The Court and its officers in this litigation pursuant to paragraph 15 hereof;

(b)     Any party, or an officer, director or employee of a party, to the extent deemed reasonably necessary by counsel to aid in the prosecution, defense or settlement of this action;

(c)     Nonparty experts and/or consultants (together with their clerical staff) retained by counsel of record on behalf of the parties;

(d)     Counsel of record and the respective personnel of the law firms as set forth in paragraph 3;

(e)     Court reporter(s) employed in this action;

(f)     Noncompetitive, nonparty witnesses at any depositions or other pretrial proceedings in this action to the extent deemed reasonably necessary by counsel to aid in the prosecution, defense or settlement of this action; and

(g)     Any other person(s) as to whom the parties agree in writing pursuant to paragraph 12.

10. If counsel for any party should conclude that, for the purpose of this action, such party needs to disclose any Confidential Material, or information derived therefrom, to any person not described in paragraph 9 of this Order, counsel for such party must request permission from counsel for the designating party in writing and state the purpose of the disclosure. If the designating party objects to the proposed disclosure, no such disclosure shall be made unless the Court, upon motion and for good cause shown, orders otherwise. However, each party may disclose its own Confidential Material without regard to this Order unless otherwise under an existing duty to another person not to do so.

11. Confidential Material shall be treated as confidential by all persons to whom such information may be disclosed and shall be used by all such persons solely for the prosecution, defense or settlement of the claims in issue in this action.

12. Any person to whom the Confidential Material Only Material may be shown pursuant to paragraphs 9(b), (c), (e), (f) or (g), paragraph 10 hereof shall first be shown and read a copy of this Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Agreement attached hereto as Exhibit "A." The law firm obtaining the person's signature on the Confidentiality Agreement will retain the original signed agreement.

13. Upon final termination of this action, including the termination and/or exhaustion of any appeal or deadline to appeal, unless otherwise agreed to in writing by counsel of record for the designating party, each party shall promptly assemble and return all Confidential Material to the designating party or to such other party that produced the Confidential Material in this action, except for Confidential Material that is incorporated into the nondesignating party's work product. The party to whom such Confidential Material is returned shall acknowledge receipt of such material in writing. Notwithstanding the foregoing and subject to this Order, counsel for each party may retain copies of the Confidential Material produced by the other for a period of one (1) year following the final termination of this action,

1 including the termination and/or exhaustion of any appeal or deadline to appeal, and
2 shall return all such copies to the designating party or to such other party that
3 produced the Confidential Material in this action promptly upon the conclusion of
4 such one year period.

5       14.   Where any Confidential Material or information derived therefrom, is
6 included in any papers filed with the Court, such papers shall be marked
7 "CONFIDENTIAL" or be marked with words of identical meaning, and placed in a
8 sealed envelope marked with the caption of the case, a general description of the
9 contents of the envelope and a statement substantially in the following form: "Filed
10 under seal. This envelope contains documents subject to a Confidentiality Order
11 entered in this action. It is not to be opened nor are the contents thereof to be
12 displayed, revealed or made public except by order of the Court."

13       15.   This Order does not constitute a waiver of any party's rights to object
14 to discovery on any grounds, except the ground that the information sought contains
15 trade secrets, confidential business information and/or information in which a party
16 has a privacy right. Nor does this Order constitute an admission by any party that
17 any information that it or any opponent designates as Confidential Material is in fact
18 a trade secret, confidential business information and/or information in which a party
19 has a privacy right.

20       16.   This Order is not intended to govern the use of Confidential Material at
21 any trial of this action. Questions of the protection of such material during trial will
22 be presented to the Court prior to or during trial as each party deems appropriate.

23       17.   If another court or administrative agency subpoenas or orders
24 production of Confidential Material that a party has obtained under the terms of this
25 Order, such party shall promptly notify the designating party of the pendency of the
26 subpoena or order and shall not produce the Confidential Material until the
27 designating party has had reasonable time to object or otherwise to take appropriate
28 steps to protect the material.

18. This Order shall not prevent any of the parties from moving this Court for an order that Confidential Material may be disclosed other than in accordance with this Order. This Order is without prejudice to the right of any party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended or rescinded by the Court. The Court shall have continuing jurisdiction to modify, amend or rescind this Order notwithstanding the termination of this action.

**IT IS SO ORDERED.**

Dated: February 25, 2016

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

# EXHIBIT "A"

## CONFIDENTIALITY AGREEMENT

The undersigned hereby does solemnly swear that he/she is fully familiar with the terms of the Stipulation and Protective Order entered in the civil action entitled *Meineke Car Care Centers, LLC, v. Keller & Sons, Inc.,et al.* United States District Court for the Central District of California, Case No. CV 15-cv-01305 AG (DFMx), and hereby agrees to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of the Court.  The undersigned hereby consents to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order.

Date: _____

_____
(Print Name)

_____
(Signature)